[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The plaintiffs, Town of East Hartford and Richard Paquette, its zoning enforcement officer, appeal a decision of the defendant East Hartford Zoning Board of Appeals (Board) granting a variance to defendant Clement Nadeau.
The Board moves to dismiss the appeal for lack of subject matter jurisdiction on the basis of lack of proper service of process. The court finds the issues in favor of the defendants and dismisses the appeal
The essential facts are undisputed. In its citation, the plaintiff Town of East Hartford directed the sheriff to summon the Board by leaving the appeal papers "with or at the usual place of abode of Robert Burns, Chairman of the East Hartford Zoning Board of Appeals, 122 Henderson Drive, East Hartford, Connecticut. . . ." The sheriff's return indicates that he made that abode service as directed. Unfortunately, the Robert Burns who lives at 122 Henderson Drive in East Hartford is not the Robert Burns who is the CT Page 10549 chairman of the Board. Chairman Robert Burns lives somewhere else in East Hartford and never received service of process in this appeal. Furthermore, there was no service on the clerk or any other member or representative of the Board.
General Statutes 8-8(b) provides, in relevant part, that an appeal "shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published." Subsection (e) of 8 provides for abode service on the chairman or clerk of the Board. Subsection (f) provides that "failure to make service within fifteen days on parties other than the Board shall not deprive the court of jurisdiction over the appeal." (Emphasis added). The clear meaning of these statutory provisions is that failure to make service on the Board does deprive the court of jurisdiction over the appeal. See Fong v. Planning Zoning Board of Appeals of Greenwich, 212 Conn. 628 (1989), where the court emphasized the distinction between parties whom the plaintiff is statutorily required to name and serve and those who are not so designated in the statute. Id., 634-635. In the present case, the statute, 8-8(e), unequivocally provides that service "shall be made" on the chairman or clerk of the Board, and there is no exemption from that requirement. Failure to comply with that requirement, therefore, deprives the court of subject matter jurisdiction.
The court has also considered the possible applicability of subsection (q) of 8-8. That statute provides, in relevant part, "(i)f any appeal has failed to be heard on its merits because of insufficient service or return of the legal process due to unavoidable accident or the default or neglect of the officer to whom it was committed . . . the appellant shall be allowed an additional fifteen days from the determination of that defect to properly take the appeal. . . ." This statute, which is a special accidental failure of suit provision, seems clearly not to apply to the circumstances of this case. Here, the plaintiffs, who are the town and its zoning enforcement officer, must have known the chairman of their zoning Board of Appeals and presumably had his correct address in their records. The failure to provide sufficient identifying information to the sheriff, therefore, was not an CT Page 10550 "unavoidable accident". Nor was the failure to serve the right Robert Burns caused by the "default or neglect" of the sheriff, who precisely followed the directions of the plaintiffs. The court concludes that 8-8(q) does not apply in this case.
The appeal is dismissed for lack of subject matter jurisdiction.