[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS CT Page 2120
The facts alleged in the complaint are as follows. The plaintiffs, Lucille and Dean Singewald, appeal from the June 16, 1993 decision of the defendant, Inland Wetland and Watercourses Agency of the Town of Lyme, granting an application by the Shumway Family Partnership for a regulated activities permit. The plaintiffs filed an earlier appeal, Singewald v. Inland Wetlands and Watercourses Agency of Lyme, Superior Court, Judicial District of New London, Docket No. 527600, which was dismissed by the court, Hendel, J., on August 30, 1993, for failure to make a timely return to the court.
On October 13, 1993, the plaintiffs filed this second appeal pursuant to General Statutes 22a-43 (a), 8-8 (b), 8-8(p) and 8-8 (q). On November 24, 1993, the defendant filed a motion to dismiss on the grounds that the appeal was not commenced within the time provided by General Statutes 22a-43 (a) and8-8 (b) and that it' contains an improper recognizance.
The defendant moves to dismiss the instant appeal on the ground that it is not timely. In opposition, the plaintiff asserts that the present action is saved by General Statutes8-8 (q). In reply, the defendant argues that 8-8 (q) does not apply to Inland Wetlands and Watercourses appeals.
The Inland Wetlands and Watercourses Act is set forth in General Statutes 22a-36 to 22a-45. General Statutes22a-43 delineates the procedure for bringing an appeal. Section 22a-43 provides, in pertinent part, that
 any person aggrieved by any regulation, order, decision or action made pursuant to sections 22a-36 to 22a-45 . . . by the . . . district or municipality or any person owning or occupying land which abuts any portion of land . . . involved in any regulation, order, decision or action . . . may, CT Page 2121 within the time specified in subsection (b) of section 8-8 from the publication of such regulation, order, decision or action, appeal to the superior court. . . .
General Statutes 22a-43 (a). Section 8-8 (b) provides, in relevant part, that "[t]he appeal shall be commenced by service of process . . . within fifteen days from the date that notice of the decision was published. . . ." General Statutes 8-8 (b). Notice of the IWWA's decision was published on June 23, 1993. Service in the present action was made on September 8, 1993, more than fifteen days after publication of the decision.
The plaintiffs, however, argue that the present action is saved by General Statutes 8-8 (q), which provides that
 [i]f any appeal has failed to be heard on its merits because of insufficient service or return of the legal process due to unavoidable accident or the default or neglect of the officer to whom it was committed, or the appeal has been otherwise avoided for any matter of form, the appellant shall be allowed an additional fifteen days from determination of that defect to properly take the appeal.
General Statutes 8-8 (q). The plaintiffs assert that since their first appeal was dismissed on August 30, 1993, for failure to make a timely return to the court, they had until September 14, 1993 to institute a new appeal.
Although 22a-43 expressly provides that 8-8 (b) and8-8 (i) apply to the Inland Wetland and Watercourses appeals,22a-43 makes no mention of 8-8 (q). The "applicable tenets of statutory construction counsel us to ascribe significance to the absence" of reference to 8-8 (q) in 22a-43. Leo Fedus Sons Construction Co. v. Zoning Board of Appeals, 225 Conn. 432, 441,623 A.2d 1007 (1993).
"It is a principal of statutory construction that a court must construe a statute as written." Id., citing Zachs v. Groppo, 207 Conn. 683, 690, 542 A.2d 1145 (1988); Ganim v. Roberts, 204 Conn. 760, 763, 529 A.2d 194 (1987). "`"It is axiomatic that the court itself cannot rewrite a statute to CT Page 2122 accomplish a particular result. That is a function of the legislature."'" Leo Fedus Sons Construction Co. v. Zoning Board of Appeals, supra, 442. "It is also a tenet of statutory construction that the legislature is presumed to be aware of existing statutes." Id.
Prior to 1991, 22a-43 made no reference to 8-8. In 1991, the legislature enacted Public Act 91-136 which amended22a-43 to require that appeals taken under 22a-43 comply with the requirements of 8-8 (b) and 8-8 (i). At the time Public Act 91-136 was adopted, 8-8 contained subsection (q). General Statutes 8-8 (q) (Rev. to 1991). Had the legislature wanted8-8 (q) to apply to Inland Wetlands and Watercourses appeals they could have expressly done so as they did with 8-8 (b) and8-8 (i). "`Courts may not by construction supply omissions . . . or add exceptions merely because it appears that good reasons exist for adding them.'" (Citations omitted.) Leo Fedus Sons Construction Co. v. Zoning Board of Appeals, supra, 441. Therefore, 8-8 (q) does not apply to Inland Wetlands and Watercourses appeals.
Even if 8-8 (q) applied to Inland Wetlands and Watercourses appeals, it would not save the plaintiff's action. Section 8-8 (q) only applies where an "appeal has failed to be heard on its merits because of insufficient . . . return of the legal process due to unavoidable accident." General Statutes8-8 (q). In the first action, the last day to return process to court was July 21, 1993. (Defendant's Motion to Dismiss, Affidavit of Dean Singewald, para. 21.) The plaintiff admits that he picked up the process from the Sheriff on July 19, 1993. (Defendant's Motion to Dismiss, Affidavit of Dean Singewald, para. 16.) The plaintiff further claims that he was in New York from July 19 through July 21 and that process was returned on July 23, 1993. (Defendant's Motion to Dismiss, Affidavit of Dean Singewald, paras. 20, 23.) The plaintiff had process in his possession on July 19, prior to going to New York. Therefore, 8-8 (q) does not save the plaintiff's action. (See also Transcript of Hearing, Singewald v. Inland Wetlands and Watercourses Agency, Superior Court, Judicial District of New London, Docket No. 527600 (August 30, 1993, Hendel, J.))
The court lacks jurisdiction over the present action. Accordingly, the defendant's motion to dismiss is granted.
Austin, J. CT Page 2123