[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS NO. 109
On January 31, 1996, this court denied the defendants' motion to dismiss reserving articulation for that decision. Upon further review of the record, the court vacates its order of January 31, 1996, and grants the motion to dismiss because the court lacks subject matter jurisdiction.
I. FACTUAL BACKGROUND CT Page 3492
This is an appeal by the plaintiffs, Edwin and Jean Baumer, from a decision of the defendant, Borough of Newtown Zoning Commission, which approved the application of the Board of Trustees of the Cyrenius H. Booth Library (Trustees) for a change in the zoning regulations so that the library could apply for a site plan.
In a separately docketed action, Baumer appealed the decision of the same defendants which approved the site plan for the library (site plan appeal). The two actions were consolidated by the court, Mihalakos, J., on February 5, 1996. However, the instant motion to dismiss affects only the zoning appeal.
On May 26, 1995, the decision of the Zoning Commission approving the Trustees' application was published in the NewtownBee. (ROR, Item 9: certificate of publication.) On May 31, 1995, Baumer commenced this appeal by service of a summons and citation on the following additional defendants: (1) the Borough of Newtown Zoning Commission "c/o Robert Connor, Chairman"; (2) Robert Connor, Chairman of the Borough of Newtown Zoning Commission; (3) Cynthia Curtis, Town Clerk of the Town of Newtown; and (4) Maureen Crick, Secretary of the Borough of Newtown.
A. The first Motion to Dismiss.
On July 17, 1995, the defendants filed a joint motion to dismiss the appeal for lack of subject matter jurisdiction on the ground that service was not made on the "clerk of the municipality," as required by General Statutes § 8-8. The defendants argue that since the Borough of Newtown is the municipality whose Zoning Commission approved the Trustees' application, the clerk of the Borough — not the Town — is the "municipality" which must be served in accordance with § 8-8
(b) and § 8-8 (e). Therefore, the defendants argue, the fact that the clerk of the Town of Newtown was served is of no moment. The defendants have provided evidence that the Town of Newtown and the Borough of Newtown are separate entities which have separate Zoning Commissions.[1]
On July 17, 1995, the same day that the defendants filed their motion to dismiss, the plaintiffs caused an amended summons and citation to be served on the following persons: (1) Cynthia Curtis, Town Clerk for the Town of Newtown; (2) the Borough of CT Page 3493 Newtown Zoning Commission "c/o Robert Connor, Chairman"; (3) Robert Connor, Chairman of the Borough of Newtown Zoning Commission; and (4) Marie Giner, Clerk of the Borough of Newtown.[2]
On July 21, 1995, the plaintiffs filed their opposition to the motion to dismiss. Their arguments are summarized as follows: (1) the Borough of Newtown and the Town of Newtown are functionally equivalent for purposes of commencing a zoning appeal; (2) even if service on the Borough clerk was untimely, the appeal can be saved by virtue of the provisions of General Statutes § 8-8 (p); (3) even though service was not made on the Borough clerk until July 17, 1995, the Borough had "adequate notice" through other means; and (4) the Town of Newtown, not the Borough, is the "municipality" which must be served to commence a zoning appeal.
B. The Amended Motion to Dismiss.
On August 11, 1995, the defendants filed an amended motion to dismiss in which they continue to maintain that the original summons and citation were jurisdictionally defective because they failed to name or serve the clerk of the Borough of Newtown. Additionally, they argue that this alleged jurisdictional defect cannot be cured by the provisions of § 8-8 (f) because that section deals only with service on parties other than the board,
whereas service on the Borough clerk is part and parcel of service upon the board.
Further, the defendants argue that § 8-8 (p) cannot save the plaintiffs' appeal because that section deals with defects in pleadings, joinder and the substitution of parties — not a jurisdictional defect such as failure to timely serve a summons and citation. Next, the defendants argue that even if the amended process were to be accepted by the court, there are other defects in the amended process which render it defective on its own merits. Specifically, the defendants point out that the plaintiffs failed to have the amended process served at least twelve days before the return date, and failed to return it to the court at least six days before the return date as required by General Statutes §§ 52-46 and 52-46a. These defects, the defendants contend, are jurisdictional and require dismissal of the appeal. Finally, the defendants argue that the curative statutes the plaintiffs attempt to rely on are inapplicable, specifically § 8-8 (q) and § 52-72. CT Page 3494
On August 18, 1995, the plaintiffs filed a supplemental memorandum in opposition to the amended motion to dismiss. They contend that even if the original service was defective, it was cured by the amended service of the summons and citation. The plaintiffs further argue that the appeal can be saved by General Statutes § 52-72 and/or § 8-8 (p), and contest the defendants' assertion that § 8-8 (p) only applies to defective pleadings, joinder and the substitution of parties.
 II.
"Appeals to courts from administrative agencies exist only under statutory authority. A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." (Citations omitted.) Office of Consumer Counsel v. Department ofPublic Utility Control, 234 Conn. 624, 640, 662 A.2d 1251 (1995). Failure to comply with the mandate of § 8-8 (b) (now §8-8 (e)) is a jurisdictional defect rendering the appeal subject to dismissal. Simko v. Zoning Board of Appeals, 205 Conn. 413, 418,533 A.2d 879 (1987), modified in 206 Conn. 374, 538 A.2d 202
(1988).
At the outset, the court should note that procedurally, this motion to dismiss was heard on September 18, 1995. Thus, the 120-day period in which the court was required to render a decision, pursuant to General Statutes § 51-183, expired on January 16, 1996. Once a 120-day period expires, the only remedy available to the parties is to file a motion with the clerk of the court for reassignment of the undecided matter within fourteen days of the expiration of the 120-day period. Practice Book § 211A(b). Since the parties have failed to file such a motion, they have waived any right to object to the expiration of the period.
Additionally, the court entered an abbreviated order on January 13, 1996, indicating that the motion was denied, with a memorandum to follow. Because of the conclusive nature of subject matter jurisdictional inquiries, however, the court has revisited, sua sponte, the issues concerning commencement of this appeal and the inherent subject matter jurisdiction implications which follow. Park City Hospital v. Commission on Hospitals andHealth Care, 210 Conn. 697, 702, 556 A.2d 602 (1989) ("whenever a lack of jurisdiction to entertain a particular proceeding comes CT Page 3495 to a court's notice, the court can dismiss the proceeding upon its own motion").
A. Was the original service defective?
1. The statutory web.
The defendants claim that this appeal is jurisdictionally defective because the clerk of the Borough of Newtown was not served within fifteen days of the decision of the Borough Zoning Commission. They argue that the defect goes to subject matter jurisdiction and that this appeal should therefore be dismissed.
This is an appeal from a decision of a zoning board; thus, it is an appeal governed by General Statutes § 8-8. A proper analysis of whether this appeal is jurisdictionally defective begins with General Statutes § 8-8 (b), which directs when service must be commenced. Section 8-8 (b) provides, in relevant part: "The appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published. . . ."
General Statutes § 8-8 (e) provides, in relevant part: "Service of legal process for an appeal under this section shall be directed to a proper officer and shall be made [1] by leaving a true and attested copy of the process with . . . the chairman or clerk of the board, and [2] by leaving a true and attested copy with the clerk of the municipality. Service on the chairman or clerk of the board and on the clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the chairman or clerk of the board or clerk of the municipality a necessary party to the appeal."
In order to determine whether it was necessary for the clerk of the Borough of Newtown to be served it must be determined whether the Borough is a "municipality" within the meaning of § 8-8 (e). The term municipality, defined in General Statutes § 8-1 a, "include[s] a district establishing a zoning commission under section 7-326."
General Statutes § 7-326 is entitled "Purposes" and states that at a meeting of any town, ("meetings" are more fully described by § 7-325), the voters may establish a district CT Page 3496 for any one of several enumerated purposes. Even districts which are not created by a meeting described in § 7-326, however, may fit within the definition of municipalities by virtue of the so-called "continuation" provision of General Statutes §7-324.
Section 7-324 provides: "For the purposes of sections 7-324
to 7-329, inclusive, `district' means any fire district, sewer district, fire and sewer district, lighting district, village, beach or improvement association and any other district orassociation, except a school district, wholly within a town and having the power to make appropriations and levy taxes.[3] Alldistricts established prior to May 29. 1957, under the provisions of the general statutes or by special act shall becontinued. . . ."[4] (Emphasis added.) General Statutes §7-324.
To summarize, then, if the Borough of Newtown is a municipality within the meaning of § 8-8 (e), then it was required to be served within fifteen days of the notice of publication, according to § 8-8 (b). This requires an inquiry into whether the Borough of Newtown was established prior to May 29, 1957. If it was, then according to § 7-324, it continues as a "district" and is therefore included in the definition of"municipality" contained in § 8-1a.
2. Is the Borough of Newtown a "Municipality" within themeaning of § 8-1 a?
According to the documents submitted by the defendants in support of the motion to dismiss, it is clear that the Town of Newtown and the Borough of Newtown are separate entities. As noted above, the plaintiffs do not contest this in their memoranda.[5] Moreover, the Municipal Charter of the Borough of Newtown indicates that the Borough was created by a resolution of the voters of the Town of Newtown in May 1824. See Municipal Charter, May, 1824, pp. 1-5. Since the Borough was created prior to May 29, 1957, it follows that the continuation provision of § 7-324 applies, and that the Borough is therefore a "municipality" within the meaning of § 8-1 a. Further, since the Borough is a municipality, the court concludes that it was the Borough, not the Town, that was required to be served with the appeal.[6]
3. The legal import of § 8-8 (e).
CT Page 3497
Having concluded that the Borough of Newtown was the entity that should have been served with the appeal, the next issue is whether the failure to serve the Borough clerk within fifteen days in accordance with § 8-8 (b) was a jurisdictional defect. It is uncontested that the plaintiffs did not serve the clerk of the Borough of Newtown until July 17, 1995, more than fifteen days after the notice of decision was published. The plaintiffs argue that even if the Borough is the municipality to be served, their failure to serve the Borough is not jurisdictional.
The defendants correctly point out in their second memorandum that § 8-8 (e) deals only with service on the board, while § 8-8 (f) deals with service on parties other than the board.
They also point out that since, according to § 8-8 (f), defects in service on parties other than the board are not jurisdictional, it follows that defects in service upon the board, governed by § 8-8 (e), are jurisdictional. Accordingly, failure to properly serve the board in accordance with § 8-8 (e) is a jurisdictional defect.
A close scrutiny of § 8-8 (e)'s jurisdictional nature reveals that service on the board (i.e. the zoning commission, according to § 8-8 (b)) consists of two steps: (1) service on the chairman or clerk of the board; and (2) service on the clerk of the municipality. Because service on the board is two-pronged, failure to serve the clerk of the municipality (here, the clerk of the Borough of Newtown) is a failure to properly serve the board in accordance with § 8-8 (e), and as such, is a jurisdictional defect.
The Supreme Court in Simko v. Zoning Board of Appeals,206 Conn. 374, 538 A.2d 202 (1988) (Simko II), rejected the idea that service on the municipal clerk was merely an alternative to service on the chairman of the board, relying on the conjunctive nature of § 8-8 (e). Id., 376-80. Because the statute directs that service is to be made on the chairman or clerk of the boardand the clerk of the municipality, the court in Simko II
concluded that the municipal clerk was required to be served in order to provide legal notice to the municipality, not the board. Id., 377-80.
Following Simko II, however, the legislature made clear its intention that service on the municipal clerk was to be made "for CT Page 3498 the purpose of providing legal notice of the appeal to the board and shall not thereby make the chairman or clerk of the board or the clerk of the municipality a necessary party to the appeal." General Statutes § 8-8 (e) (as amended by P.A. 88-79).
The Supreme Court had an opportunity to address the legislature's post-Simko II amendment to § 8-8 (e) in Capalbov. Planning and Zoning Board of Appeals, 208 Conn. 480,547 A.2d 528 (1988). In Capalbo, the court was required to determine whether the so-called "saving act" included in the 1988 amendments to § 8-8 (e) could apply in a situation where the plaintiff failed to name the municipal clerk.[7] Id., 488-89. The court concluded that it did, noting that the "obvious legislative intent [in enacting the saving act was] to encompass not only the failure to name the town clerk as a party in the initial portion of the citation, but also the failure to name him or her for the purpose of directing proper service by the sheriff." Id., 489.
The legislative intent behind the post-Simko II amendment to § 8-8 (e) becomes even more clear when one examines the sample form for citations which is typically used in commencing administrative appeals. The sample citation can be illustrative in ascertaining the purpose for serving the municipal clerk in this complex jurisdictional puzzle. Form 9 in Fuller's treatise on land use appeals gives a suggested format for a citation. It provides, in part:
 "TO THE SHERIFF OF THE COUNTY OF _________ OR HIS DEPUTY WITHIN SAID COUNTY, GREETING:
 BY THE AUTHORITY OF THE STATE OF CONNECTICUT, You are hereby commanded to summon the Planning and Zoning Commission of the Town of _______ in the County of _______ and State of Connecticut, to appear before the Superior Court for the Judicial District of _______ to be held at ______ on February 29, 1996, said appearance to be made by the Planning and Zoning Commission of the Town of or its attorney . . . by leaving with or at the usual place of abode of the Chairman or Secretary of the Planning and Zoning Commission of the Town of _______, and with the Town Clerk of the Town of _______, a true and attested copy of the complaint and appeal and of this citation and summons at least twelve days before the return day, in the manner provided by law for the service of civil process." CT Page 3499
Fuller, Connecticut Practice Book Annotated, Vol. 9, Land Use Law and Practice (1993), Appendix, Form 9, pp. 905-06. As is evident from the format and language of the sample citation, service on the board, that is, the Planning and Zoning Commission, is made by serving the chairman and municipal clerk.
Thus, if an aggrieved person serves (1) the chairman of the zoning commission; (2) the municipal clerk; and (3) the successful applicant for a zoning change, in effect, that person has only served two parties, the board, by service on the chairman and the municipal clerk, and the successful applicant.[8]
Applying this construction of § 8-8 (e) to this case, it follows that the original service was defective for the following reasons. It is uncontested that the only parties served on May 31, 1995, were: (1) the Borough of Newtown Zoning Commission "c/o Robert Connor, Chairman"; (2) Robert Connor, Chairman of the Borough of Newtown Zoning Commission; (3) Cynthia Curtis, Town Clerk of the Town of Newtown; and (4) Maureen Crick, Secretary of the Borough of Newtown.
In order to have properly commenced an appeal from the decision of the Borough of Newtown Zoning Commission, the plaintiffs should have served the following parties: (1) Robert Connor, Chairman of the Zoning Commission; (2) Marie Giner, Borough clerk; (3) the Board of Trustees of the Cyrenius H. Booth Library, the successful applicant for the zoning amendments.
Instead of these persons, the plaintiffs: (1) made only one-half of the required service on the board (since they did not serve the Borough clerk); (2) made the Chairman an additional party, even though it was not required; (3) made the secretary of the Borough of Newtown an additional party, even though it was not required; and (4) totally failed to serve the successful applicant.[9]
It thus becomes clear why the plaintiffs' argument that their appeal is not defective because the Borough clerk is not a necessary party must fail. The appeal is not defective because the Borough clerk is a necessary party; it is defective because the plaintiffs failed to make proper service on the board of the Borough Zoning Commission. CT Page 3500
Because the plaintiffs failed to serve the Borough clerk in accordance with the plain language of § 8-8 (e), the appeal is jurisdictionally defective, and as such, must be dismissed.
4. The legal import of § 8-8 (f).
General Statutes § 8-8 (f) states, in part: "Service of process shall also be made on each person who petitioned the board in the proceeding, provided his legal rights, duties or privileges were determined therein. However, failure to makeservice on parties other than the board shall not deprive thecourt of jurisdiction over the appeal." (Emphasis added.)
As discussed above, § 8-8 (f) is inapplicable to this action because it deals with service on parties other than the board, whereas service on the Borough clerk was required toeffect service on the board. Accordingly, § 8-8 (f) is unavailable to save the plaintiffs' appeal from dismissal.
B. Can the Appeal be Saved by § 8-8 (p) or § 8-8 (q)?
General Statutes § 8-8 (p) provides, in part: "The right of a person to appeal a decision of a board to the superior court . . . shall be liberally interpreted in any case where a strict adherence to these provisions would work surprise or injustice. The appeal shall be considered to be a civil action and, except as otherwise required by this section or the rules of the superior court, pleadings may be filed, amended or corrected, and parties may be summoned, substituted or otherwise joined, as provided by the general statutes."
General Statutes § 8-8 (q) provides: "If any appeal has failed to be heard on its merits because of insufficient service or return of the legal process due to unavoidable accident or the default or neglect of the officer to whom it was committed, or the appeal has been otherwise avoided for any matter of form, the appellant shall be allowed an additional fifteen days from the determination of that defect to properly take the appeal. The provisions of section 52-592 shall not apply to appeals taken under this section."
The plaintiffs argue that § 8-8 (p) and § 8-8 (q) can be used to save their appeal from the jurisdictional defect of failing to serve the Borough clerk. In support of their position, the plaintiffs rely on Wasilewski v. Planning and ZoningCT Page 3501Commission, Superior Court, Judicial District of New Haven at New Haven, Docket No. 354703 (May 13, 1994, Booth, J.), in which the court held that § 8-8 (p) and § 8-8 (q) could save a zoning appeal from the jurisdictional defect of failure to name the municipal zoning commission in the citation. The court, relying on the Supreme Court's decision in Castellon v. Board ofZoning Appeals, 221 Conn. 374, 603 A.2d 1168 (1992), stated: "[T]here can be no question that Castellon stands for the proposition that under the proper circumstances [§] 8-8 (p), and by extension [§] 8-8 (q), can be used to save a zoning appeal from a jurisdictional defect." Id.
The court notes that the holding in Wasilewski is based on the holding in Castellon. This court, however, finds Castellon is limited to its facts.[10] It is undisputed that the purpose of §§ 8-8 (p) and 8-8 (q) are to save appeals from technical defects which are the result of a mistake or accident, and "where a strict adherence to these provisions would work surprise or injustice." General Statutes § 8-8 (p). However, the instant appeal is not such a case.
In this case, the plaintiffs clearly knew that the entity involved was the Borough of Newtown, not the Town of Newtown. This is evident from the fact that the plaintiffs served the Borough Zoning Commission chairman, the Borough secretary and, purportedly, the Borough Zoning Commission. Inexplicably, however, the plaintiffs proceeded to serve the clerk of the Town
of Newtown.
As one court succinctly stated, albeit in a slightly different context: "The plaintiff's `surprise' that the court found that it lacked subject matter jurisdiction because of his failure to have the appeal timely served . . . is not a reason for the court to reopen its judgment. The plaintiff appealed to this court pursuant to § 8-8; the plaintiff is therefore charged with knowledge of the time limitation of section 8-8 (b). The plaintiff cannot obtain relief pursuant to section 8-8 (p) by claiming `surprise' that the court noticed his failure to comply with the procedural requirement of section 8-8 (b). The court cannot ignore a lack of subject matter jurisdiction . . . ." Carrv. Somers Zoning Board of Appeals, 7 CSCR 106, 106-07 (December 13, 1991, Dunn, J.).
Additionally, other courts have held that §§ 8-8 (p) and8-8 (q) are not available to save appeals from jurisdictional CT Page 3502 defects. See Singewald v. Inland Wetland and Watercourse Agency,9 CSCR 335 (April 4, 1994, Austin, J.); Town of East Hartford v.Zoning Board of Appeals, 8 CSCR 1294 (December 3, 1993, Maloney, J.); Carr v. Somers Zoning Board of Appeals, 7 CSCR 106, 106-07
(December 13, 1991, Dunn, J.); Duggan v. Derby Zoning Board ofAppeals, 2 Conn. L. Rptr. 565 (October 4, 1990, Fuller, J.);Orange Mall Shopping Center Co. v. Town Planning and ZoningCommission of Hartford, 1 Conn. L. Rptr. 303 (February 23, 1990, Fuller, J.).
Finally, and perhaps most importantly, even if the court were to conclude that § 8-8 (q) could save this appeal from defects implicating subject matter jurisdiction, it is not clear whether it would be available in this case because there is no evidence that the plaintiffs complied with the requirement that they properly re-served the board within "fifteen days from the determination of [the] defect," as required by General Statutes § 8-8 (q). Although the amended citation was served on July 17, 1995, there is no proof as to when the plaintiffs became aware of the defect nor whether amended service was made within fifteen days of that date.
In sum, the court concludes that §§ 8-8 (p) and 8-8 (q) are not available to save the plaintiffs' appeal from dismissal for lack of subject matter jurisdiction. Accordingly, the court need not address whether the amended service is defective for failing to comply with General Statutes §§ 52-46 and 52-46a, although it seems beyond dispute that such is the case.Rogozinski v. American Food Service Equipment Corp., 211 Conn. 431,559 A.2d 1110 (1989).
C. Whether General Statutes § 52-72 is applicable.
Although some courts have permitted the provisions of General Statutes § 52-72 to save administrative appeals from jurisdictional defects; Norwich Catholic Diocesan v. CromwellPlanning and Zoning Commission, Superior Court, Judicial District of Middlesex, Docket No. 64327 (July 22, 1992, Austin, J.);Miller v. Coventry Zoning Board of Appeals, 7 CSCR 1292 (November 5, 1992, Klaczak); in those cases, the amended citation was used to include a party who was actually served with a copy of the appeal but who was not named in the original citation. See alsoCipollaro v. S.O.C. Corp., 13 Conn. L. Rptr. 237 (January 4, 1995, Nigro, J.) (court permitted plaintiff to invoke § 52-72
where original citation erroneously made returnable on a CT Page 3503 Wednesday instead of a Tuesday).
The parties have not cited, nor has the court's independent research revealed, cases in which § 52-72 has been used to allow the amendment of a citation to include for the first time a statutorily-mandated person or entity. To the contrary, one court refused to allow the plaintiff to amend his citation to cure a defect in standing. See Buono v. Department of Income Maintenance,
Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. 124113 (January 28, 1993, Ryan, J.). As the court in Buono aptly stated: "This is not a situation where, for example, one has typed the wrong apartment number on a writ. It is found that the appellant is asking the court to use [§52-72] not to clear up a defect in process but instead to create a valid appeal where none rightly existed. That . . . is something this court cannot do, since the court, in applying the remedial measures requested would be acting without subject matter jurisdiction. . . . [I]f the motion to dismiss is denied here, the court would be opening the door for people who lack standing to bring causes of action in order to preserve such causes until a proper party could be substituted." Id. See also TackeEnterprises, Inc. v. Garcia, 13 Conn. L. Rptr. 463, 465 (January 27, 1995, Tierney, J.) (allowing § 52-72 to correct defect in writ in summary process action, but stating: "There are substantive defects which will subject a case to a motion to dismiss. Those defects involve irregularities in the service or return of process and other matters that implicate the court's subject matter jurisdiction ").
Similarly, if this court were to read § 52-72 to allow the plaintiffs to amend their citation to include the Borough clerk, there would be little need for the requirement of timely service on a zoning commission in accordance with § 8-8 (b). Indeed, the court is hard pressed to imagine a jurisdictionally defective appeal which could not be corrected by § 52-72 as the plaintiffs would have this court interpret that section. The court believes that such an interpretation would constitute an impermissible tampering with the statutory scheme governing commencement of administrative appeals, and therefore finds §52-72 unavailable to the plaintiffs in this case.
 III
Upon exhaustive review of all the pertinent provisions of the statutes governing zoning appeals, the court concludes that the CT Page 3504 plaintiffs' case is tainted by a fatal jurisdictional defect which cannot be cured or saved by any of the foregoing statutory provisions. Accordingly, the court vacates its January 31, 1996 order, denying the defendants' motion to dismiss, and dismisses this appeal for lack of subject matter jurisdiction.
Leheny, J.