[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding is an administrative appeal from the decision of the Borough of Newtown Zoning Commission (hereinafter the "Commission") approving the application of the Board of Trustees of the Cyrenius H. Booth Library for a change in the zoning regulations. It is the second appeal in this matter, the first appeal having been dismissed by the court (Leheny, J.) for lack of subject matter jurisdiction as a result of the appellants' failure to serve the clerk of the Borough of Newtown (hereinafter the "Borough") in accordance with Sec. 8-8 (e) of the General Statutes.[1] See Baumer v. Borough of NewtownZoning Commission, Superior Court, judicial district of Danbury at Danbury, Docket No. 320869 (April 2, 1996, Leheny, J.,16 Conn. L. Rptr. 481) (hereinafter Baumer I). The Commission now moves to dismiss the present appeal on the ground that this court lacks subject matter jurisdiction because the appeal was not commenced within fifteen days of the date that notice of the Commission's decision granting the regulation changes was published, as required by Sec. 8-8 (b).
In their first appeal (Baumer I), the appellants served a summons and citation on several respondents, including the clerk of the Town of Newtown, but did not serve the CT Page 491 clerk of the Borough of Newtown. The respondents moved jointly to dismiss the appeal for lack of subject matter jurisdiction as a result of that failure. After finding that the Borough was a municipality within the meaning of 8-8 (e), and that the Borough clerk should have been served in compliance with8-8 (b) and (e), the court concluded that the appellants' failure to serve the Borough clerk in accordance with 8-8 (b) and (e) constituted a jurisdictional defect mandating dismissal of the appeal. Baumer I, supra. The court also found that 8-8
(p) and (q) could not save the appeal because it was jurisdictionally defective, and did not involve a technical defect that was the result of an unavoidable accident, or that strict adherence to the provisions of Sec. 8-8 would work surprise or injustice. Baumer I, supra.
In Baumer I, the court found that notice of the Commission's decision approving the Library's application was published in the Newtown Bee on May 26, 1995. It also found that the first appeal was commenced by service upon the various respondents on May 31, 1995, well within the fifteen day time period required by 8-8 (b). The decision in BaumerI was rendered on April 2, 1996. On April 4, 1996, the appellants commenced the present appeal by service of the summons and citation upon the Borough of Newtown Zoning Commission; Robert Connor, Chairman of the Commission; Cynthia Curtis, Clerk of the Town of Newtown; Darlene Spencer, Clerk of the Borough of Newtown; the Town of Newtown and the Board of Trustees of the Cyrenius H. Booth Library.
In support of its motion to dismiss, the Commission argues that the appellants failed to commence the appeal within fifteen days from May 26, 1995, the date that notice of its decision was published, as required by 8-8 (b), and therefore that this court lacks subject matter jurisdiction to hear the appeal. It contends further that, contrary to the appellants' assertions, Secs. 8-8
(p) and (q) cannot cure a jurisdictional defect. The Commission contends finally that, even if (p) and (q) could cure a jurisdictional defect, they do not apply in the present case because 8-8 (p) applies only to the original action, not to reservice or the commencement of a new appeal and that 8-8 (q) can cure defective service due only to "unavoidable accident or the default or neglect . . ." of the sheriff, of which there is no allegation or evidence in the present appeal.
In their opposition to the motion to dismiss, the appellants CT Page 492 claim that the present appeal was timely filed under 8-8 (b) because the parties common to the first and second appeals, including the chairman of the Commission, were served within fifteen days of the publication of notice of the Commission's decision. Relying chiefly on Wasilewski v. Planning andZoning Commission, Superior Court, judicial district of New Haven at New Haven, Docket No. 354703 (May 13, 1994, Booth, J.), the plaintiffs contend that sections 8-8 (p) and (q) can cure jurisdictional defects, and specifically, can cure the untimeliness of the present appeal. The appellants argue that, as required by 8-8 (q), the present appeal was properly commenced within fifteen days of the determination of the defect, which they argue is the date the court rendered its decision inBaumer I.
Failure to take an administrative appeal within the statutory time limits goes to subject matter jurisdiction. Vernon Village,Inc. v. Carothers, 217 Conn. 130, 142 (1991); Cardoza v. ZoningCommission, 211 Conn. 78, 81-82 (1989); Rogers v. Commission onHuman Rights Opportunities, 195 Conn. 543, 550; BridgeportBowl-O-Rama, Inc. v. Zoning Board of Appeals, 195 Conn. 276, 281,283 (1985). "[W]henever it is found . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Practice Book § 145; Lewis v. Gaming Policy Board,224 Conn. 693, 698 (1993).
Furthermore, "[a]ppeals . . . from administrative agencies exist only under statutory authority. A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." (Citations omitted; internal quotation marks omitted.) Office of Consumer Counsel v. Dept. of Public UtilityControl, 234 Conn. 624, 640 (1995). Appeals from a decision of a zoning board are governed by section 8-8 of the General Statutes.
Section 8-8 (b) provides that a zoning appeal "shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the datethat notice of the decision was published . . . ." (Emphasis added.) The present appeal was not commenced within fifteen days from the date that notice of the Commission's decision was published. As the court found in Baumer I, the Commission published notice of its decision on May 26, 1995. The present appeal was commenced by service upon the respondents on April 8, CT Page 493 1996, almost one year later. Therefore, this court lacks subject matter jurisdiction and this appeal must be dismissed. See Carrv. Somers Zoning Board of Appeals, Superior Court, judicial district of Tolland at Rockville, Docket No. 44024 July 3, 1991, Dunn, J.) (dismissing a zoning board appeal commenced seventeen days after the publication of notice of the board's decision).
The appellants argue that this appeal can be saved by Secs.8-8 (p) and (q) of the General Statutes. Section 8-8 (p) provides in pertinent part: "[t]he right of a person to appeal a decision of a board to the superior court, and the procedure prescribed in this section, shall be liberally interpreted in any case where a strict adherence to these provisions would work surprise or injustice." Section 8-8 (q) provides in pertinent part: "[i]f any appeal has failed to be heard on its merits because of insufficient service or return of legal process due to unavoidable accident or the default or neglect of the officer to whom it was committed, or the appeal has been otherwise avoided for any matter of form, the appellant shall be allowed an additional fifteen days from determination of that defect to properly take the appeal."
The appellants rely on Wasilewski v. Planning and ZoningCommission, supra, to support their position. The appellants claim first that 8-8 (p) and (q) can be applied to save an appeal from a jurisdictional defect. The appellants argue further that, as in Wasilewski, a second appeal that is untimely filed after a first appeal was dismissed for failure to serve the statutorily required parties can be saved by (p) and (q).
In Wasilewski, the appellant appealed from a decision of the Planning and Zoning Commission of the Town of Wallingford granting an application for a special construction permit. Neither the Town of Wallingford nor the Wallingford Planning and Zoning Commission were named in the citation or the summons. The court dismissed the first appeal, concluding that the failure to name the town or commission implicated the subject matter jurisdiction of the court. The second appeal was then filed within fifteen days of the court's dismissal of the first appeal. In the second appeal, the court found that, under Castellon v.Board of Zoning Appeals, 221 Conn. 374 (1992), 8-8 (p) and (q) could cure a jurisdictional defect, and then declined to dismiss the appeal.
The court's holding in Wasilewski turned on its CT Page 494 interpretation of Castellon, 221 Conn. 374 (1992). The Wasilewski
court stated: "there can be no question that Castellon stands for the proposition that under the proper circumstances, 8-8 (p), and by extension 8-8 (q), can be used to save a zoning appeal from a jurisdictional defect." Wasilewski v. Planning and ZoningCommission, supra.
This court, however, finds that Castellon does not stand for the proposition that (p) and (q) can be used to cure a jurisdictional defect of the magnitude existing in this proceeding. In fact, the dicta in Castellon relied upon inWasilewski makes it clear that the Supreme Court's instructions to the trial court on remand to retain the appeal are limited to the peculiar facts of Castellon itself. See Castellon v. Board ofZoning Appeals, supra, 383-84 (instructing the trial court that the appeal should not be dismissed on remand because the appellant's reliance on an ambiguous Supreme Court precedent, which apparently mandated a greater exhaustion requirement than was necessary, and the time consumed in following that procedure, appealing to the Superior Court and then to the Supreme Court to clarify the proper procedure, caused a delay in the filing of the appeal to the superior court). In the present appeal, the statutory requirements are quite clear as to the timing and procedure of the appeal, and the delay in the appeal is due to the appellants' own error in following those requirements. Therefore, to reiterate, this court finds that Castellon is limited to its facts and declines to interpret it as authority for the proposition that Secs. 8-8 (p) and 8-8 (q) can be utilized to cure jurisdictional defects such as exist herein. SeeBaumer I.[2]
Even if this court were to look to 8-8 (p) and (q) to save this appeal, it finds that (p) and (q) do not apply under the circumstances herein. It is undisputed that the purpose of Sections 8-8 (p) and (q) are to save appeals from technical defects which are the result of unavoidable accident or the neglect of the process server, and "where a strict adherence to these provisions would work surprise or injustice." General Statutes §§ 8-8 (p) and (q); Baumer I. To reiterate, the present appeal, however, is not such a case.
The appellants' late service of the present appeal was due to the appellants' error in serving the first appeal. In Baumer I,
the court found that the appellants' failure to serve the Borough, a jurisdictional defect, did not constitute an CT Page 495 unavoidable accident, and was not due to the neglect of the sheriff, and that holding the appellants to the requirements of8-8 (b) and (e) did not work surprise or injustice. This court agrees. Furthermore, both of the appellants' errors — the failure to serve the Borough in the first appeal and the untimely commencement of the second appeal — have been found to be jurisdictional defects mandating dismissal, and therefore do not constitute mere "matters of form," or mere technicalities, under8-8 (q). This court therefore concludes that the untimely commencement of the present appeal, even as it results from a defect in the first appeal, is a jurisdictional defect that cannot be saved by the application of 8-8 (p) and (q).
Accordingly, the motion to dismiss is granted.[3]
Moraghan, J.