CHARLES HOLDINGS, LTD. *v.* PLANNING AND ZONING BOARD OF APPEALS OF THE TOWN OF GREENWICH
(13377)

HEALEY, SHEA, GLASS, COVELLO and SANTANIELLO, Js.

Argued June 10—decision released August 2, 1988

*Mark R. Carta,* with whom, on the brief, was *Douglas S. Skalka,* for the appellant (plaintiff).

*John H. Reilly,* assistant town attorney, for the appellee (defendant).

PER CURIAM. This is an appeal by the plaintiff, Charles Holdings, Ltd., from a decision of the trial court dismissing its appeal from three decisions of the defendant, the planning and zoning board of appeals of Greenwich (board). Examination of the record discloses that on December 30, 1985, the board rendered three decisions concerning the plaintiff's proposal to erect a chapel/mausoleum on land located within an RA-2 residential zone. The board denied: (1) the plaintiff's appeal from a decision of the building inspector who had refused to issue a building permit for the proposed structure; (2) a proposed variance of the use requirements in an RA-2 zone to permit the proposed structure; and (3) a special exception request to permit a cemetery on the plaintiff's premises.

On January 10, 1986, the plaintiff appealed all three decisions to the Superior Court pursuant to General Statutes § 8-8.[1] The trial court upheld the board's deci-

---

[1] General Statutes (Rev. to 1985) § 8-8, as amended by Public Acts 1985, No. 85-284, provides in relevant part: "(a) Any person or persons sever-

sion in each instance and on October 7, 1987, rendered judgment dismissing the appeal. The Appellate Court thereafter granted a petition for certification and the plaintiff appealed. This court then transferred the matter to itself pursuant to Practice Book § 4023.

"The threshold question that must be determined is whether this court has jurisdiction over the appeal. Although this issue was not raised by the parties, the court has a duty to dismiss, even on its own initiative, any appeal that it lacks jurisdiction to hear. *L. G. DeFelice & Son, Inc.* v. *Wethersfield,* 167 Conn. 509, 511, 356 A.2d 144 (1975); *Hoberman* v. *Lake of Isles, Inc.,* 138 Conn. 573, 574, 87 A.2d 137 (1952); *In re Application of Smith,* 133 Conn. 6, 8, 47 A.2d 521 (1946)." *Sasso* v. *Aleshin,* 197 Conn. 87, 89–90, 495 A.2d 1066 (1985).

In initiating its appeal to the Superior Court, the plaintiff's citation to the serving authority commanded him "to summon the Planning and Zoning Board of Appeals of the Town of Greenwich."[2] Examination of the sheriff's return discloses that he made service "by leaving a true and attested copy of the original Writ, Summons and Complaint with my doings thereon

---

ally or jointly aggrieved by any decision of said board . . . [may] take an appeal to the superior court . . . .

"(b) Notice of such appeal shall be given by leaving a true and attested copy thereof with, or at the usual place of abode of, the chairman or clerk of said board, and by serving a true and attested copy upon the clerk of the municipality."

[2] The citation read in relevant part: "BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to summon the Planning and Zoning Board of Appeals of the town of Greenwich to appear before the Superior Court . . . said appearance to be made . . . by filing a written statement of appearance with the Clerk of said Court on or before the second day following said return date, then and there to answer . . . by leaving with or at the usual place of abode of the Chairman or Clerk of that board, a true and attested copy of the Complaint and of this Citation, or by serving a true and attested copy of same upon the clerk of the municipality."

endorsed, with and in the hands of Mr. Harris, *Town Clerk.*" (Emphasis added.) Neither the chairman nor the clerk of the board was served.

General Statutes § 8-8 provides, in addition to requiring service upon the town clerk, that "[n]otice of such appeal shall be given by leaving a true and attested copy thereof with . . . the chairman or clerk of said board . . . ." It is clear that, in this respect, the plaintiff has not complied with § 8-8 (b).

"Appeals to the courts from . . . boards exist only under statutory authority . . . ." *Tazza* v. *Planning & Zoning Commission,* 164 Conn. 187, 190, 319 A.2d 393 (1972); *East Side Civic Assn.* v. *Planning & Zoning Commission,* 161 Conn. 558, 560, 290 A.2d 348 (1971). " ' "Appellate jurisdiction is derived from the . . . statutory provisions by which it is created, and can be acquired and exercised only in the manner prescribed. Thus, the determination of *the existence and extent of appellate jurisdiction depends upon the terms of the statutory . . . provisions* in which it has its source." 4 Am. Jur. 2d 535, Appeal and Error, § 4.' *LaReau* v. *Reincke,* 158 Conn. 486, 492, 264 A.2d 576 [1969]." (Emphasis added.) *In re Nunez,* 165 Conn. 435, 441, 334 A.2d 898 (1973).

Since the issuing officer did not serve the chairman or clerk of the board as required by § 8-8 (b), the predicate for appellate jurisdiction does not exist and therefore we lack the authority to take up this appeal. *Andrew Ansaldi Co.* v. *Planning & Zoning Commission,* 207 Conn. 67, 70, 540 A.2d 59 (1988).

The appeal is dismissed.