[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
Albert Lenge filed a claim with the Commissioner of Labor against Arnold L. Beizer, claiming that Beizer had violated General Statutes § 31-226a when he terminated Lenge. The commissioner found for Lenge and ordered Beizer to pay Lenge $17,836.16 in back pay plus $14,036.00 in attorney's fees and costs. Beizer appealed that decision to the Superior Court pursuant to § 31-226a(b). Lenge successfully moved to intervene in the appeal, and filed a counterclaim asking the court to enforce the commissioner's order.
The appeal was dismissed by the court (McWeeny, J.) on March 9, 1998 and judgment entered affirming the commissioner's decision. Lenge now moves for summary judgment on his counterclaim on the ground that the dismissal of the appeal, upholding the commissioner's order, leaves no question of material fact that he is entitled to judgment on the counterclaim.
The plaintiff argues that summary judgment is not permitted in an administrative appeal of this type, pursuant to Practice Book § 17-44 (formerly § 379), which allows summary judgment only in those appeals enumerated in § 14-7(d) (formerly § 257). He also argues that because the dismissal of the appeal is on appeal to the Appellate Court, there is a prior pending action.
Our Supreme Court has repeatedly held that "[a]ppeals to courts from administrative agencies exist only under statutory authority." Killingly v. Connecticut Siting Council,220 Conn. 516, 521, 600 A.2d 752 (1991); Citizens Against PollutionNorthwest, Inc. v. Connecticut Siting Council, 217 Conn. 143,152, 584 A.2d 1183 (1991); Charles Holdings, Ltd. v. Planning Zoning Board of Appeals, 208 Conn. 476, 479, 544 A.2d 633 (1988);Tazza v. Planning Zoning Commission, 164 Conn. 187, 190,319 A.2d 393 (1972).
The appeal was brought pursuant to § 31-226a(b) which reads in part, "[a]ny party aggrieved by the decision of the commissioner may appeal the decision to the Superior Court in accordance with the provisions of chapter 54." Chapter 54 is the Uniform Administrative Procedures Act (UAPA). Section 4-183 is the provision in the UAPA that grants the court jurisdiction to hear appeals from administrative agencies. Under this section the court is limited to affirming the agency decision or sustaining the appeal; if the appeal is sustained, the court may render CT Page 11176 judgment or remand the case for further proceedings. General Statutes § 4-183(j). Subsection (k) reads "If a particular agency action is required by law, the court, on sustaining the appeal, may render a judgment that modifies the agency decision, orders the particular agency action, or order the agency to take such action as may be necessary to effect the particular action."
Nothing in the UAPA gives the court the authority to grant the relief the defendant is seeking in his counterclaim. In contrast, the statute that authorizes appeals from the Commission on Human Rights and Opportunities (CHRO) provides, in part, that "[t]he court on appeal shall also have jurisdiction to grant to the commission, respondent or complainant such temporary relief or restraining order as it deems just and suitable, and in like manner to make and enter a decree enforcing or modifying and enforcing as so modified or setting aside, in whole or in part, the order sought to be reviewed." General Statutes § 46a-94a. See Miko v. CHRO, 220 Conn. 192, 211-12, 596 A.2d 396 (1991) (ordering trial court to enter an order enforcing the decision of the hearing officer as provided in § 46a-94a).
This court does not have subject matter jurisdiction to hear the claim. "This court may raise the issue of subject matter jurisdiction sua sponte. Jurisdiction of the subject matter is a question of law and cannot be waived or conferred by consent either in the trial court or here. . ." Serrani v. Board ofEthics, 225 Conn. 305, 308, 622 A.2d 1009 (1993). "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Practice Book § 10-33 (formerly § 145); see PolymerResources, Ltd. v. Keeney, 227 Conn. 545, 557, 630 A.2d 1304
(1993).
Accordingly, the counterclaim is dismissed.
Peck, J.