[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The appellee, the Chaplin Planning and Zoning Commission, moves to dismiss this administrative appeal filed by the appellants, Gustav and Edward Birkmanis. The basis for this motion is a lack of subject matter jurisdiction resulting from late service and the failure to cite and serve the town clerk.
This appeal is from a second decision of the Commission denying a special permit to construct and use a helicopter pad. CT Page 14169 An earlier denial, dated December 11, 1997, was overturned on appeal to this court, Booth, J. On July 2, 1998, Judge Booth remanded the matter to the Commission for further consideration rather than simply reversing the decision. The Commission again denied the permit and published its decision on July 23, 1998.
The remand order confused the parties as to whether Judge Booth intended to retain appellate jurisdiction or regarded his decision as terminating the original appeal. In response to the appellants' motion, Judge Booth clarified his remand by specifying that his remand terminated the original appeal. Notice of this clarification was issued by the court on August 24, 1998.
On September 9, 1998, appellants' counsel delivered the present appeal documents to the sheriff's department for service. The deputy sheriff handling this process served the papers on the clerk of the Commission on October 5, 1998, but never served the town clerk.
The Commission contends that C.G. § 8-8(b) mandated service upon it within fifteen days of July 23, 1997, the date of publication of its decision. The Commission also claims that the failure to cite and serve the town clerk deprives this court of jurisdiction to hear and decide the merits of the appeal. The appellants counter that the saving provisions of § 8-8, viz. subsections (p) and (q) rescue the appeal from dismissal based on the claimed defects.
 A.
In 1988 and 1989, apparently in response to cases such asSimko v. Zoning Board of Appeals, 205 Conn. 413 (1987), our legislature amended § 8-8 in several respects.Public Act 88-79, in subsection (e), delineated that the town clerk was not a necessary party to a zoning appeal but merely an agent for service to insure the agency received notice of the appeal. This change overturned the holding to the contrary in the Simko case,supra, 419. In P.A. 89-236, the legislature added subsections (p) and (q), which provisions require a liberal interpretation of the appeal procedures to avoid surprise and injustice and permits additional time in which to correct certain procedural defects.
The court holds that § 8-8(e) eliminates the need to cite the town clerk as a party to a zoning appeal. It also makes the failure to serve the town clerk correctable under § 8-8(p) CT Page 14170 and (q) rather than a complete bar to jurisdiction. In the present case, the Commission received notice of the appeal through service upon its clerk. It would create an injustice to dismiss the appeal for lack of additional service upon the town clerk.
 B.
Also, the court rules that strict adherence to the fifteen day appeal period running from the date of publication under § 8-8(b) would be a surprise and injustice under § 8-8(p). The publication date of July 23, 1998, occurred during the period of confusion concerning the vitality of the original appeal. At that time, it was unclear as to whether a second appeal was necessary at all. Subsection 8-8(p) instructs the court to eschew rigidity in applying the rules of procedure to zoning appeals. To avoid the injustice of utilizing the publication date as the starting point for the fifteen day appeal period when the requirement of a second appeal was uncertain, the court holds that the appeal period began to run from the date of the issuance of Judge Booth's clarification that a second appeal was necessary, i.e., August 24, 1998.
Unfortunately, even using August 24, 1998, as the beginning date of the appeal period, the appellants failed to commit the appeal documents to the sheriff for service within the fifteen days allowed. The last date for timely service was September 8, 1998. The sheriff, per his affidavit, received the papers on September 9, 1998. Service was made on October 5, 1998. In order to obtain the extension of time to correct a defect in service under § 8-8(q), the defect must be "due to unavoidable accident or the default or neglect of the officer to whom it was committed". Here, the sheriff never received the appeal papers for service until after the appeal period expired. Consequently, § 8-8(q) is unavailable to save this appeal.
The expiration of the statutory appeal period for commencing an administrative appeal deprives the trial court of subject matter jurisdiction to decide the merits of the appeal. Cardozav. Zoning Commission, 211 Conn. 78, 82 (1989). For the reasons stated above, the liberal interpretation of procedure dictated by § 8-8(p) and the time for correction of service defects afforded by § 8-8(q) cannot save this appeal. The court is constrained to grant the Commission's motion to dismiss. CT Page 14171
Sferrazza, J.