[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from the decision of the East Lyme Planning Commission approving the subdivision application of defendant, Orchard Woods Associates, L.P., taken by Mary Gadbois, Robert Gadbois, Lucille Romanych, James Gallagher, Harold Pessirillo and Bonnie Horowicz. For reasons hereinafter stated, the appeal is dismissed.
The first issue which must be addressed is that of aggrievement or standing to prosecute this appeal.
The question of aggrievement is essentially one of standing. McNallyv. Zoning Commission, 225 Conn. 1, 5-6, 621 A.2d 279 (1993). "Aggrievement is established if there is a possibility . . . that some legally protected interest . . . has been adversely affected." (Internal quotation marks omitted.) Connecticut Resources Recovery Authority v.Planning Zoning Commission, 225 Conn. 731, 739 n. 12, 626 A.2d 705
(1993). Mere generalizations and fears, however, do not establish aggrievement. See Caltabiano v. Planning Zoning Commission,211 Conn. 662, 668, 560 A.2d 975 (1989). CT Page 7788
Those who own land that abuts or is within a radius of one hundred feet of the land involved in any decision of a planning commission are statutorily aggrieved. See General Statutes § 8-8(a). A co-owner of land abutting or within a radius of one hundred feet of the subject property is also an "aggrieved person." Smith v. Planning ZoningBoard, 3 Conn. App. 550, 555-56, 490 A.2d 539 (1985), aff'd,203 Conn. 317, 524 A.2d 1128 (1987). Gallagher has alleged that he is an adjoining property owner, and has submitted a certified warranty deed as proof thereof. Horowitz and Pessirillo also allege that they are adjoining property owners. As proof thereof, they have also submitted a certified warranty deed attesting to their co-ownership of certain property adjacent to the proposed subdivision.
The remaining plaintiffs, R. Gadbois, M. Gadbois and Romanych allege that they are statutorily aggrieved pursuant to their status as environmental intervenors in the Orchard Woods subdivision application before the commission. "Section 22a-19(a) allows any person to intervene so that private citizens are provided a voice in ensuring that the natural resources of the state remain protected. Because the plaintiffs filed a notice of intervention at the commission hearings in accordance with § 22a-19(a), they [have] standing to appeal the environmental issues associated with that commission's decision." Branhaven Plaza,L.L.C. v. Inland Wetlands Commission, 251 Conn. 269, 276 n. 9,740 A.2d 847 (1999).
Accordingly, it is found that each of the plaintiffs have properly pleaded and proven aggrievement.
The record indicates that on March 1, 1999, Orchard Woods submitted subdivision plans to the town of East Lyme Planning Commission, proposing a 161-lot residential subdivision to be known as the "Orchards at East Lyme." Further revisions to the plans, dated March 24, 1999, were subsequently submitted to the Commission. On March 2, 1999, a public hearing was held on Orchard Wood's application. The hearing was continued to March 16, 1999; and was finally closed on April 6, 1999.
On or about May 18, 1999, R. Gadbois, M. Gadbois and Romanych each filed a notice of intervention with the planning commission raising various environmental issues pursuant to General Statutes §§ 22a-19
(a) and 22a-20.[1] Also on May 18, 1999, the planning commission voted unanimously to approve the 161-lot residential subdivision of Orchard Woods with several modifications and conditions. Notice of the planning commission's decision was published in The Day on May 22, 1999. This appeal was commenced by service of process on June 4, 1999.
Appeals to courts from administrative agencies exist only under CT Page 7789 statutory authority. See Charles Holdings, Ltd. v. Planning ZoningBoard of Appeals, 208 Conn. 476, 479, 544 A.2d 633 (1988); Simko v.Zoning Board of Appeals, 206 Conn. 374, 377, 538 A.2d 202 (1988). "A statutory right of appeal from a decision of an administrative agency may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.)Simko v. Zoning Board of Appeals, supra, 206 Conn. 377. Such provisions "are mandatory and jurisdictional in nature, and, if not complied with, the appeal is subject to dismissal." (Internal quotation marks omitted.) Id.; see also Charles Holdings, Ltd. v. Planning Zoning Board ofAppeals, supra, 208 Conn. 478-79.
General Statutes § 8-8(h) requires that the authority issuing the citation, unless the appellant is an official of the municipality a bond or recognizance of the board with surety to prosecute the appeal and comply with the orders and decrees of the court. It is noted that, with the exception of Robert Gadbois, none of the plaintiffs in this action have complied with the requirements of § 8-8(h) by filing an appropriate bond. Although the giving of a proper bond or recognizance is an essential element in the taking of an appeal, a statutory provision requiring such a bond is solely for the benefit of the defendant. The plaintiffs' failure to provide a proper bond or recognizance was a serious irregularity, but it did not destroy the jurisdiction of the court over the subject matter of the action. Since the omission was not fatal to the appeal, it could have been waived by the defendants and could have been cured by the plaintiffs by filing a timely amendment.Sheehan v. Zoning Commission, 173 Conn. 408, 410-411, 378 A.2d 519
(citations omitted). Here, defendants have not filed a motion to dismiss the action or otherwise pressed the lack of appropriate bond. Under such circumstances, the defect is considered waived and will have no effect on the action.
An appeal from a decision of a zoning board "shall be commenced by service of process . . . within fifteen days from the date the notice of the decision was published. . . ." General Statutes § 8-8(b). The chairperson of the board and the clerk of the municipality shall be included in such service. See General Statutes § 8-8(e).
On May 18, 1999, the commission voted to approve Orchard Hill's subdivision application. Notice of the commission's decision was published on May 22, 1999, in The Day.
A citation, dated June 3, 1999, directed a proper officer to "summon the Planning Commission . . . by leaving with or at the usual place of abode of the chairman or clerk of that Commission a true and attested copy of the complaint and of this citation. . . ." No further parties were CT Page 7790 named therein. However, the plaintiffs also filed a civil summons, JD-CV-1, which directed a proper officer to serve the co-defendant, Orchard Woods.[2] On June 4, 1999, the writ, summons and complaint for this appeal were left at the home of Walter Cullen, chairperson of the commission. (Sheriff's Return.) A true and attested copy of the same was also served on June 4th, in hand, to Peter G. Perakos, II, Orchard Woods' agent for service. (Sheriff's Return.) The clerk of the municipality was neither cited nor served.
Failure to cite and serve the municipal clerk implicates this court's subject matter jurisdiction. "A possible absence of subject matter jurisdiction must be addressed and decided whenever the issue is raised. The parties cannot confer subject matter jurisdiction on the court, either by waiver or by consent. . . . Ordinarily, a challenge to the court's jurisdiction is raised by the filing of a motion to dismiss. However, [w]henever a lack of jurisdiction to entertain a particular proceeding comes to a court's notice, the court can dismiss the proceeding upon its own motion." (Citations omitted; internal quotation marks omitted.)Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192-93,676 A.2d 831 (1996).
General Statutes § 8-8(e) provides: "Service of legal process for an appeal under this section shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality. Service on the chairman or clerk of the board and on the clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the chairman or clerk of the board or the clerk of the municipality a necessary party to the appeal." (Emphasis added.) Section 8-8(f) does allow, however, that "failure to make service within fifteen days on parties other than theboard shall not deprive the court of jurisdiction over the appeal." (Emphasis added.)
Nonetheless, that the failure to cite and serve the town clerk amounts to a failure to serve the board or commission, which renders the appeal jurisdictionally defective. The court in Baumer v. Borough of NewtownZoning Commission, Superior Court, judicial district of Danbury at Danbury, Docket No. 320869 (April 2, 1996, Leheny, J.) (16 Conn. L. Rptr. 481) (Baumer I), appeal dismissed as moot, 45 Conn. App. 653,697 A.2d 704 (1997), observed that "the defendants correctly point out that § 8-8(e) deals only with service on the board, while § 8-8(f) deals with service on parties other than the board." (Emphasis in original.) The court further observed that "[the defendants] also point out.., that since, according to § 8-8(f), defects in service on CT Page 7791 parties other than the board are not jurisdictional, it follows that defects in service upon the board, governed by § 8-8(e), are
jurisdictional. Accordingly, failure to properly serve the board [or commission] in accordance with § 8-8(e) is a jurisdictional defect." (Emphasis in original.) Id.
Section 8-8(e) specifically mandates service upon both the chairpersonand the municipal clerk in order to effectuate service upon the board or commission. "Even though the municipal clerk and the municipality do not have to be made parties to the appeal in addition to the agency itself, the failure of the citation to direct service on both a proper officer of the agency and the municipal clerk, and lack of actual service on both of them is a jurisdictional defect. . . ." R. Fuller, 9A Connecticut Practice Series: Land Use Law and Practice (1999) §§ 25.10 p. 14. "It is clear that the citation providing for service upon the chairman or clerk of the agency or, as opposed to and, the town clerk is a defective citation requiring dismissal of the appeal. Id., § 25.11, p. 21.
Although neither the chair nor the clerk, as individuals, are necessary parties to this administrative appeal; see General Statutes § 8-8(e); the commission is a necessary party and the failure to provide sufficient notice of the appeal to that commission deprives the court of subject matter jurisdiction. "Service on the chairman . . . and on the clerk of the municipality shall be for the purpose of providing legalnotice of the appeal to the board. . . ." (Emphasis added.) General Statutes § 8-8(e). "A close scrutiny of § 8-8(e)'s jurisdictional nature reveals that service on the board (i.e., the zoning commission, according to § 8-8(b)) consists of two steps: (1) service on the chairman or clerk of the board; and (2) service on the clerk of the municipality. Because service on the board is two-pronged, failure to serve the clerk of the municipality.., is a failure to properly serve the board in accordance with § 8-8(e), and as such, is a jurisdictional defect." Baumer v. Borough of Newtown ZoningCommission, supra, 16 Conn.L.Rptr. 483.
In Simko v. Zoning Board of Appeals, supra, 206 Conn. 374 (Simko II), the Supreme Court reaffirmed its holding in Simko I that a municipal clerk is a necessary party and must be served in order to provide legal notice to the municipality. following that decision, the legislature modified General Statutes § 8-8(e); see 1988 Public Acts, No. 88-79; and made clear that service upon the municipal clerk and the chairperson of the board was to provide notice of the appeal to the board and not to make either of them a necessary party. See General Statutes § 8-8(e) (as amended by 1988 Public Acts, No. 88-79). Section 8-8(e), however, still mandates service upon both the chairman and the municipal clerk "for the purpose of providing legal notice of the appeal to the board." CT Page 7792 "Thus if an aggrieved person [in accordance with § 8-8(e)] serves (1) the chairman of the . . . commission; (2) the municipal clerk; and (3) the successful applicant . . . that person has only served two parties, the board, by service on the chairman and the municipal clerk, and the successful applicant." Baumer v. Borough of Newtown Zoning Commission, supra, 16 Conn.L.Rptr. 484. Failure to provide such service upon the municipal clerk is not a failure to cite and serve the clerk, herself, as a necessary party, but amounts to a "fail[ure] to make proper service on the . . . commission." Id.
General Statutes § 8-8(p) provides, in part: "The right of a person to appeal a decision of a board to the Superior Court, and the procedure prescribed in this section, shall be liberally interpreted in any case where a strict adherence to these provisions would work surprise or injustice . . .
General Statutes § 8-8(q) provides, in part: "If any appeal has failed to be heard on its merits because of insufficient service or return of the legal process due to unavoidable accident or the default or neglect of the officer to whom it was committed, or the appeal has been otherwise avoided for any matter of form, the appellant shall be allowed an additional fifteen days from determination of that defect to properly take the appeal. . . ."
Our Supreme Court has yet to speak directly to this issue since the enactment of the saving provisions, Public Acts 1989, No. 89-356, codified at General Statutes §§ 8-8(p) and (q). However, the holding in Spicer v. Zoning Commission, 212 Conn. 375, 562 A.2d 21 (1989), decided before the enactment of the saving provisions, still controls this issue.
In Spicer v. Zoning Commission, where the plaintiffs failed to cite and serve the municipal clerk, the court held that "[f]ailure to comply strictly with the provision of 8-8(b) [now § 8-8(e)] renders the appeal subject to dismissal." Spicer v. Zoning Commission, supra,212 Conn. 378. "General Statutes 8-8(b) (now § 8-8(e)) still requires the clerk of a municipality to be served with true and attested copies of the appeal [in order to confer upon the court jurisdiction to hear the plaintiffs' appeal]." (Brackets in original; emphasis omitted; internal quotation marks omitted.) Id., 379. "Absent actual delivery of a copy of the plaintiffs' appeal to the clerk of the municipality, the appeal must be dismissed for lack of jurisdiction." Id., 380. "Failure to deliver a copy of the appeal to the town or municipal clerk comprises more than a technical defect. Without at least actual delivery of a copy of the appeal, the provision of General Statutes 8-8(b) [now § 8-8(e)] requiring service `upon the clerk of the municipality' would be totally CT Page 7793 ignored." Id. n. 5.
Spicer v. Zoning Commission, still controls this issue because General Statutes § 8-8(e) still requires that service be made by "leaving a true and attested copy of the process with . . . the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality." (Emphasis added.) General Statutes § 8-8(e). This provision of the statute has not changed, and the addition of General Statutes §§ 8-8(p) and (q) has not altered this mandate except where strict adherence would work surprise or injustice, or the failure is due to the negligence or oversight of the sheriff, not the plaintiff. See General Statutes §§ 8-8(p) and (q); Baumer v. Borough of NewtownZoning Commission, supra, 16 Conn.L.Rptr. 485; Town of East Hartfordv. Zoning Board of Appeals, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 526578 (December 6, 1993,Maloney, J.) (10 Conn.L.Rptr. 404).
A number of Superior Court decisions, on point with the circumstance in the present appeal, have held that jurisdictional defects, due to the plaintiffs own acts and of the magnitude presently before us, cannot be rescued by the saving provisions of General Statutes §§ 8-8(p) and (q) because they go directly to the court's subject matter jurisdiction. These cases include: Karp v. City of New Britain, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 481632 (January 9, 1998, Stengel J.) (appeal dismissed because the failure to cite and serve the chairman or clerk of the council is a jurisdictional defect), remanded for further factual findings related to the issue of mootness, 57 Conn. App. 312, ___ A.2d ___ (2000); Rogg v. Townof Brookfield, Superior Court, judicial district of Danbury, Docket No. 321974 (July 18, 1996, Mihalakos, J.) (the court, sua sponte, held that it was without subject matter jurisdiction where the plaintiff failed to cite and serve the chairman or clerk of the commission); Baumer v.Borough of Newtown Zoning Commission, supra, 16 Conn.L.Rptr. 483 ("A close scrutiny of § 8-8(e)'s jurisdictional nature reveals that service on the board (i.e., the zoning commission, according to §8-8(b)) consists of two steps: (1) service on the chairman or clerk of the board; and (2) service on the clerk of the municipality. Because service on the board is two-pronged, failure to serve the clerk of the municipality . . . is a failure to properly serve the board in accordance with § 8-8(e), and as such, is a jurisdictional defect."); D'Addeov. Town Plan and Zoning Commission, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 552068 (October 17, 1995,Maloney, J.) (failure to cite and serve the chairman or clerk of the commission is fatal as it implicates the court's subject matter jurisdiction); Town of East Hartford v. Zoning Board of Appeals, supra,10 Conn.L.Rptr. 404 (providing incorrect information to the sheriff as to CT Page 7794 the address of the chairman of the zoning board is not an unavoidable accident, and, therefore, the appeal could not be saved by §8-8(q)).
Following the language of General Statutes § 8-8(e) and the Supreme Court's holding in Spicer v. Zoning Commission, supra, 212 Conn. 375, the plaintiffs failure to cite and serve the municipal clerk is a jurisdictional defect of such magnitude that it cannot be cured by the saving provisions of General Statutes §§ 8-8(p) or (q). Here, the plaintiffs' appeal must also be dismissed for lack of subject matter jurisdiction.
Accordingly, having found that this court lacks subject matter jurisdiction to hear the appeal, the appeal is dismissed.
Joseph J. Purtill, Judge Trial Referee