[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On February 28, 1997, the plaintiff, Republic Realty, LLC, submitted an application to the defendant, the planning commission of the borough of Naugatuck, seeking approval of a nine lot subdivision on 3.05 acres of land located in an R-8 district. (Return of Record [ROR] Item Al.) On March 3, 1997, the planning commission voted to accept the plaintiff's subdivision application and voted to schedule a public hearing at its next regularly scheduled meeting. (ROR, Item A4.) On April 7, 1997, a public hearing was held on the plaintiff's application. (ROR, Item A5.) CT Page 1118 The hearing was held open and subsequently continued to May 12, 1997 and then to June 2, 1997, where it was finally closed.[1] (ROR, Items A6; A7.) At one of these public hearings, the planning commission suggested that the plaintiff obtain a special permit from the zoning commission and made this a prerequisite to granting the plaintiff's subdivision application. (Complaint ¶ 6; Answer ¶ 1; ROR, Items A6; A8.) At the planning commission's June 2, 1997 and July 7, 1997 regular meetings, the plaintiff's subdivision application was not voted on because the commission members were awaiting a report from the police department and a regulatory interpretation from the zoning commission concerning the plaintiff's application. (ROR, Items A8; A9.) The plaintiff withdrew its subdivision application on July 7, 1997. (Complaint ¶ 7; Answer ¶ 1; ROR, Items A9; A12; B17.) On July 9, 1997, the plaintiff submitted an application for a special permit to the zoning commission. (ROR, Item B8.)
The zoning commission held a public hearing on the plaintiff's application for a special permit on August 14, 1997. (ROR, Item B17.) That hearing was extended and left open at the request of the plaintiff until September 17, 1997. (ROR, Items B16; B17; B22.) In the meantime, at the planning commission's September 8, 1997 meeting, it voted to send an unfavorable recommendation to the zoning commission concerning the plaintiff's application for a special permit. (ROR, Item A11.) At its October 15, 1997 regular meeting, the zoning commission voted to deny the special permit application. (ROR, Item 223.) The plaintiff received notice of the planning commission's decision by certified mail on October 20, 1997. (ROR, Item B24.)
The plaintiff filed this appeal in Waterbury Superior Court on November 12, 1997, alleging that the action of the planning commission, in making the special permit a prerequisite to approval of its subdivision application, was illegal, arbitrary and an abuse of the planning commission's discretion. The plaintiff also alleges that the zoning commission, in denying its special permit application, acted illegally, arbitrarily and in abuse of its discretion. The plaintiff seeks reversal of the zoning commission's denial of its special permit application and/or reversal of the planning commission's requirement that a special permit be obtained.
An appeal to the Superior Court, from an administrative agency decision, exists only under statutory authority. See Charles Holdings,Ltd. v. Planning Zoning Board of Appeals, 208 Conn. 476, 479,544 A.2d 633 (1988); Simko v. Zoning Board of Appeals, 206 Conn. 374,377, 538 A.2d 202 (1988). "A statutory right of appeal from a decision of an administrative agency may be taken advantage of only by strict compliance with the statutory provisions by which it is created." CT Page 1119 (Internal quotation marks omitted.) Simko v. Zoning Board of Appeals, supra, 206 Conn. 377. Such provisions "are mandatory and jurisdictional in nature, and, if not complied with, the appeal is subject to dismissal." (Internal quotation marks omitted.) Id.; see also CharlesHoldings, Ltd. v. Planning Zoning Board of Appeals, supra,208 Conn. 478-79.
The question of aggrievement is essentially one of standing. McNallyv. Zoning Commission, 225 Conn. 1, 5-6, 621 A.2d 279 (1993). "Aggrievement is established if there is a possibility . . . that some legally protected interest . . . has been adversely affected." (Internal quotation marks omitted.) Connecticut Resources Recovery Authority v.Planning Zoning Commission, 225 Conn. 731, 739 n. 12, 626 A.2d 705
(1993). An owner of the property, which was the subject of the commission's decision, is aggrieved and entitled to bring an appeal. SeeWinchester Woods Associates v. Planning Zoning Commission, 219 Conn. 303,308, 592 A.2d 953 (1991).
The plaintiff is the owner of certain property in the borough of Naugatuck, for which a special permit and a subdivision were sought. The parties have stipulated to facts from which the court finds aggrievement. (see Complaint, ¶¶ 1 and 11; Stipulation.)
An appeal from a decision of a planning or zoning commission "shall be commenced by service of process . . . within fifteen days from the date the notice of the decision was published. . . ." General Statutes § 8-8
(b). The chairperson of the commission and the clerk of the municipality shall be included in such service. See General Statutes § 8-8 (e). The appellant, unless an official of the municipality, shall also provide a bond or recognizance to the board or commission, with surety to prosecute the appeal. See General Statutes § 8-8 (h).
On October 15, 1997, the zoning commission voted to deny the plaintiff's application for a special permit. (ROR, Item B23.) Notice of the zoning commission's decision was published on October 23, 1997.[2]
(ROR, Item B11, p. 3.)
A citation form, JD-CV-1,[3] dated November 5, 1997, was filed in Waterbury Superior Court on November 12, 1997.[4] The citation names as the first named defendant: "Planning Commission, Borough of Naugatuck c/o E. Harry Jancis, Chairman 89 Spruce Drive, Naugatuck, CT 06770, c/o Borough Clerk, Judy Crosswait, 229 Church Street, Naugatuck, CT 06770." The only additional defendant is named as: "Zoning Commission, c/o Jack Valinho, Chairman, 740 Field Street Naugatuck, CT 06770 c/o Borough Clerk, Judy Crosswait, 229 Church Street, Naugatuck, Ct 06770." CT Page 1120
On November 5, 1997, the writ, summons and complaint for this appeal were served, as directed, upon Judy Crosswait, the clerk of the borough, for the chairman of the planning commission and the chairman of the zoning commission. The clerk of the municipality, herself, was not cited nor was she served; service was merely left in her care for the two named parties.
The failure to cite and serve the municipal clerk implicates this court's subject matter jurisdiction. Further implicating the court's subject matter jurisdiction is the failure to direct abode or in-hand service upon the chairmen of the commissions as directed by General Statutes § 8-8 (e). "A possible absence of subject matter jurisdiction must be addressed and decided whenever the issue is raised. The parties cannot confer subject matter jurisdiction on the court, either by waiver or by consent. . . .Ordinarily, a challenge to the court's jurisdiction is raised by the filing of a motion to dismiss. However, [w]henever a lack of jurisdiction to entertain a particular proceeding comes to a court's notice, the court can dismiss the proceeding upon its own motion." (Citations omitted; internal quotation marks omitted.) Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192-93,676 A.2d 831 (1996).
General Statutes § 8-8 (e) provides: "Service of legal process for an appeal under this section shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality. Service on the chairman or clerk of the board and on the clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the chairman or clerk of the board or the clerk of the municipality a necessary party to the appeal." (Emphasis added.) Section 8-8 (f) does allow, however, that "failure to make service within fifteen days on parties other than theboard shall not deprive the court of jurisdiction over the appeal." (Emphasis added.)
The relationship between General Statutes §§ 8-8 (e) and (f) was throughly discussed in Baumer v. Borough of Newtown Zoning Commission, Superior Court, judicial district of Danbury, Docket No. 320869 (April 2, 1996, Leheny, J.) (16 Conn. L. Rptr. 481) (Baumer I), appeal dismissed as moot, 45 Conn. App. 653, 697 A.2d 704 (1997), and in Gadbois v.Planning Commission, Superior Court, judicial district of New London at New London, Docket No. 551104 (June 28, 2000, Purtill, J.) (27 Conn. L. Rptr. 450). In Baumer I, the court, agreeing with the defendants, observed that "§ 8-8 (e) deals only with service on the board, while § 8-8 (f) deals CT Page 1121 with service on parties other than the board." (Emphasis in original.) "[S]ince, according to § 8-8 (f), defects in service on parties other than the board are not jurisdictional, it follows that defects in service upon the board, governed by § 8-8 (e), are jurisdictional. Accordingly, failure to properly serve the board [or commission] in accordance with § 8-8 (e) is a jurisdictional defect." (Emphasis in original.) Id.; see also Gadbois v. Planning Commission, Superior Court, judicial district of New London at New London, Docket No. 551104 (June 28, 2000, Purtill, J.) (27 Conn. L. Rptr. 450), quotingBaumer I.
"Section 8-8 (e) specifically mandates service upon both the chairperson and the municipal clerk in order to effectuate service upon the board or commission. `Even though the municipal clerk and the municipality do not have to be made parties to the appeal in addition to the agency itself, the failure of the citation to direct service on both a proper officer of the agency and the municipal clerk, and lack of actual service on both of them is a jurisdictional defect. . . .' R. Fuller, 9A Connecticut Practice Series: Land Use Law and Practice (1999) §§ 25.10, p. 14." (Emphasis in original.) Gadbois v. PlanningCommission, supra, 27 Conn. L. Rptr. 451.
Although neither of the chairpersons nor the clerk of the borough, as individuals, are necessary parties to this administrative appeal, the planning commission and the zoning commission, themselves, are necessary parties, and the failure to provide sufficient notice of the appeal to these commissions deprives the court of subject matter jurisdiction. See id. As provided in General Statutes § 8-8 (e): "Service on the chairman . . . and on the clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the board. . . ." It follows, then, that a failure to provide sufficient service to the clerk and the chairman would be a failure to provide sufficient notice to the board.
"`A close scrutiny of § 8-8 (e)'s jurisdictional nature reveals that service on the board (i.e., the zoning commission, according to § 8-8 (b)) consists of two steps: (1) service on the chairman or clerk of the board; and (2) service on the clerk of the municipality. Because service on the board is two-pronged, failure to serve the clerk of the municipality . . . [or the chairperson] is a failure to properly serve the board in accordance with § 8-8 (e), and as such, is a jurisdictional defect.'" Gadbois v. Planning Commission, supra,27 Conn. L. Rptr. 452, quoting Baumer v. Borough of Newtown Zoning Commission, supra, 16 Conn. L. Rptr. 483.
Accordingly, the plaintiff's failure to properly cite and serve the CT Page 1122 chairpersons of both commissions, along with his failure to cite and serve the borough clerk, amounts to a failure to give proper notice to the commissions, which renders this appeal jurisdictionally defective.
Despite the jurisdictional defects present in this appeal, General Statutes § 8-8 contains two saving provisions that must be analyzed for their applicability to this appeal.
General Statutes § 8-8 (p) provides, in pertinent part, that: "[t]he right of a person to appeal a decision of a board to the Superior Court, and the procedure prescribed in this section, shall be liberally interpreted in any case where a strict adherence to these provisions would work surprise or injustice. . . ."
General Statutes § 8-8 (q) provides, in pertinent part, that: "[i]f any appeal has failed to be heard on its merits because of insufficient service or return of the legal process due to unavoidable accident or the default or neglect of the officer to whom it was committed, or the appeal has been otherwise avoided for any matter of form, the appellant shall be allowed an additional fifteen days from determination of that defect to properly take the appeal. . . ." (Emphasis added.)
The court in Gadbois v. Planning Commission, supra, 27 Conn. L. Rptr. 452-53, explained that General Statutes §§ (p) and (q) cannot be used to rescue appeals plagued by jurisdictional defects that are due to the plaintiff's own acts of negligence in citing the board or commission. "A number of Superior Court decisions . . . have held that jurisdictional defects, due to the plaintiffs' own acts and of the magnitude presently before us, cannot be rescued by the saving provision of General Statutes §§ 8-8 (p) and (q) because they go directly to the court's subject matter jurisdiction." Id., 452. "These cases include: Karp v. City of NewBritain, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 481632 (January 9, 1998, Stengel, J.) (appeal dismissed because the failure to cite and serve the chairman or clerk of the council is a jurisdictional defect), remanded for further factual findings related to the issue of mootness, 57 Conn. App. 312, ___ A.2d ___ (2000); Rogg v. Town of Brookfield, Superior Court, judicial district of Danbury, Docket No. 321974 (July 18, 1996, Mihalakos, J.) (the court, sua sponte, held that it was without subject matter jurisdiction where the plaintiff failed to cite and serve the chairman or clerk of the commission) Baumer v. Borough of Newtown Zoning Commission, supra,16 Conn. L. Rptr. 483 ("A close scrutiny of § 8-8 (e)'s jurisdictional nature reveals that service on the board (i.e., the zoning commission, according to § 8-8 (b)) consists of two steps: (1) service on the chairman or clerk of the board; and (2) service on the clerk of the municipality. Because service on the board is two-pronged, failure to CT Page 1123 serve the clerk of the municipality . . . is a failure to properly serve the board in accordance with § 8-8 (e), and as such, is a jurisdictional defect."); D'Addeo v. Town Plan Zoning Commission, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 552068 (October 17, 1995, Maloney, J.) (failure to cite and serve the chairman or clerk of the commission is fatal as it implicates the court's subject matter jurisdiction); Town of East Hartford v. ZoningBoard of Appeals, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 526578 (December 6, 1993, Maloney, J.) (10 Conn. L. Rptr. 404) (providing incorrect information to the sheriff as to the address of the chairman of the zoning board is not an unavoidable accident, and, therefore, the appeal could not be saved by § 8-8 (q))." Id., 452-53.
Nevertheless, there are some Superior Court decisions that have relied upon Castellon v. Board of Zoning Appeals, 221 Conn. 374, 603 A.2d 1168
(1992), in applying these saving provisions to jurisdictional defects. InCastellon, invoking the saving provision of General Statutes § 8-8
(p), the Supreme Court reversed and remanded the plaintiff's appeal with instructions to the trial court not to dismiss the action. The plaintiffs, "in misguided reliance on [Conto v. Zoning Commission,186 Conn. 106, 439 A.2d 441 (1982) had] appealed to the trial court from the action of the board, rather than directly to the court from the decision of the commission, which would have been the proper procedural route." Id., 383. However, this court is of the opinion that Castellonv. Board of Zoning Appeals, supra, 221 Conn. 374, is limited to its facts and is not to be extended to include situations where the plaintiffs fail to effectuate proper service upon the board or commission in accordance with General Statutes § 8-8 (e) due to their own oversight. SeeBaumer v. Borough of Newtown Zoning Commission, Superior Court, judicial district of Danbury at Danbury, Docket No. 323760 (January 15, 1997,Moraghan, J.) (18 Conn. L. Rptr. 653) (Baumer II); see also R. Fuller, 9A Connecticut Practice Series: Land Use Law and Practice (1999) §§ 25.10, p. 14 and 25.11, pp. 20-23 (the plaintiff's failure to properly cite and serve a proper officer of the agency and the municipal clerk is a jurisdictional defect rendering the appeal subject to dismissal)
The Superior Court cases that have allowed planning and zoning appeals to survive despite faulty service include: McKeown v. Clinton ZoningBoard, Superior Court, judicial district of Middlesex at Middletown, Docket No. 083410 (July 27, 1999, Schuman, J.) (failure to cite and serve the clerk of the municipality is not fatal pursuant to §§ 8-8 (f) and (p) because the clerk is not a necessary party and the town was not prejudiced by the failure to make complete service); Birkmanis v. Town ofChaplin, Superior Court, judicial district of Windham at Putnam, Docket No. 059302, (December 8, 1998, Sfferrazza, J.) (23 Conn. L. Rptr. 501) CT Page 1124 ("The court holds that § 8-8 (e) eliminates the need to cite the town clerk as a party to a zoning appeal. It also makes the failure to serve the town clerk correctable under §§ 8-8 (p) and (q) rather than a complete bar to jurisdiction."); Mercieri v. Zoning Board of Appeals, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 445844 (April 24, 1995, Rubinow, J.) (sheriff's failure to serve the municipal clerk within 15 days is not fatal because he/she is not a necessary party, and the chairman of the board, a necessary party, was timely served); Wasilewski v. Planning ZoningCommission, Superior Court, judicial district of New Haven at New Haven, Docket No. 354703 (May 13, 1994, Booth, J.) (11 Conn. L. Rptr. 498) (sections 8-8 (p) and (q) can be used to cure jurisdictional defects).[5]
However, the above cases, in interpreting General Statutes §§ 8-8
(p) and (q), and the fact-specific Castellon v. Board of Zoning Appeals, may not have given due consideration to the statutory mandate still contained within General Statutes § 8-8 (e) requiring that service be made upon both the chairman or clerk of the board and upon the clerk of the municipality.
In keeping with the authority and direction of General Statutes § 8-8
(e), the plaintiff's failure to properly cite and serve the borough clerk and the chairpersons of the commissions is a jurisdictional defect of such magnitude that it cannot be cured by the saving provisions of General Statutes §§ 8-8 (p) or (q). Accordingly, the plaintiffs' appeal is dismissed for lack of subject matter jurisdiction.
THOMAS G. WEST, J.