[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I STATEMENT OF THE CASE
The plaintiff, Imre Pleszko, appeals the decision of the defendant, the Zoning Board of Appeals of the Town of Fairfield, denying his application for a finding of Zoning Administrator error. Pleszko appeals pursuant to General Statutes § 8-8.
 II BACKGROUND AND PROCEDURAL HISTORY
Pleszko is the co-owner of several parcels of property abutting Pleszko Place and one parcel on South Pine Creek Road in the Town of Fairfield. (Deed; ROR, Item 11, p. 1.) On October 6, 1997, Pleszko sent a letter to Peter Marsala, the Zoning Enforcement Officer for the Town of Fairfield (ZEO), complaining about illegal off-street parking at 39 South Pine Creek Road and asking the ZEO to enforce the zoning regulations relating to off-street parking.[1] (ROR, Item 3.) The property located at 39 South Pine Creek Road is owned by Lynn Tuozzoli. (ROR, Items 3; 11, p. 9.) Tuozzoli's husband, Charles, operates a hair salon business at the location. (ROR, Items 3; 11, p. 9.)
Pleszko complained to the ZEO that the Tuozzolis encourage and permit their employees and patrons to illegally park on the beach side of the salon building along Pleszko Place in violation of several sections of the zoning regulations relating to off-street parking. (ROR, Item 3.) On October 8, 1997, in a written reply to Pleszko, the ZEO stated that the parking of which Pleszko complained was not governed by the regulations because it amounted to on-street, rather than off-street, parking. (ROR, Item 4.) CT Page 5333
On November 7, 1997, Pleszko appealed the decision of the ZEO to the board. (ROR, Item 8.) After the close of the December 9, 1997 public hearing, the board voted to uphold the decision of the ZEO and deny the appeal. (ROR, Items 9; 10.) The board's decision was published on December 12, 1997; (complaint, ¶ 22; answer, ¶ 1); and this action was commenced by service of process on December 22, 1997. (Sheriff's Return.) The Tuozzolis filed a motion to intervene dated March 16, 1998, and Pleszko filed a response stating that he had no objection.[2] The appeal was heard on December 4, 2000.
 III JURISDICTION
Appeals to the Superior Court from administrative agency decisions exist only under statutory authority. See Charles Holdings, Ltd. v.Planning Zoning Board of Appeals, 208 Conn. 476, 479, 544 A.2d 633
(1988); Simko v. Zoning Board of Appeals, 206 Conn. 374, 377, 538 A.2d 202
(1988). "[A] statutory right of appeal from a decision of an administrative agency may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) Simko v. Zoning Board of Appeals, supra,206 Conn. 377. "[S]uch provisions are mandatory and jurisdictional in nature, and, if not complied with, the appeal is subject to dismissal." (Brackets in original; internal quotation marks omitted.) Id; see CharlesHoldings, Ltd. v. Planning Zoning Board of Appeals, supra, 208 Conn. 479.
 A Aggrievement
Those who own land that abuts or is within a radius of one hundred feet of the land involved in any decision of a planning and zoning commission or zoning board of appeals are statutorily aggrieved. See General Statutes § 8-8 (a); McNally v. Zoning Commission 225 Conn. 1, 6,621 A.2d 279 (1993); Smith v. Planning Zoning Board, 203 Conn. 317,321, 524 A.2d 1128 (1987). Pleszko has alleged that he is an abutting landowner and that the parking situation creates hazards to pedestrian and vehicular traffic at the entrance to his properties. (Complaint, ¶¶ 23; 24.) Pleszko has also submitted proof of his aggrievement by the offering of his property deed at the hearing. (Deed.) Accordingly, the court finds that Pleszko has properly pleaded and proven aggrievement.
 B
CT Page 5334 Timeliness of the Appeal and Service of Process
An appeal from a decision of a zoning board "shall be commenced by service of process. . . within fifteen days from the date the notice of the decision was published. . . ." General Statutes § 8-8 (b). The chairperson of the board and the clerk of the municipality shall be included in such service. See General Statutes § 8-8 (e).
On December 9, 1997, the board voted to deny Pleszko's application for a finding of Zoning Administrator error. (ROR, Items 9; 10.) Notice of the board's decision was published on December 12, 1997.[3]
(Complaint, ¶ 22; Answer, ¶ 1.) On December 12, 1997, the writ, summons and citation for this appeal were served upon the clerk of the municipality and the board chairperson. (Sheriff's Return.) Accordingly, the court finds that the appeal was timely filed and served upon the appropriate parties.
 IV JUDICIAL REVIEW
In an appeal from a decision of a zoning enforcement officer, the zoning board of appeals hears and decides the matter de novo, and "the action of the zoning enforcement officer that is the subject of the appeal is entitled to no special deference by the court." Caserta v.Zoning Board of Appeals, 226 Conn. 80, 88-89, 626 A.2d 744 (1993). "In deciding an appeal . . . concerning interpretation of the zoning regulations as applied to a particular piece of property, the [board] acts in a quasi-judicial capacity. The [board] has the authority to interpret the town's zoning ordinance and decide whether its applies in a given situation. On appeal, the Superior Court is not bound by the legal interpretation of the ordinance by the [board], since the interpretation of a zoning ordinance is a question of law for the court." R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1999) § 33.7, p 171; see also Borden v. Planning Zoning Commission,58 Conn. App. 399, 410-11, 755 A.2d 224 (2000), cert. denied,254 Conn. 921, 759 A.2d 1023 (2000) ("an agency is not afforded special deference when its determination of a question of law has not previously been the subject of judicial scrutiny").
A zoning regulation "is a local legislative enactment, and, in its interpretation, [the court is] to discern the intent of the legislative body as manifested in the words of the regulation." Spero v. Zoning Boardof Appeals, 217 Conn. 435, 441, 586 A.2d 590 (1991). "Words used in zoning ordinances are interpreted in accord with their natural and usual meaning. . . . [T]he strict construction rule applies, and the CT Page 5335 regulations should not be extended by implication to include more than is within their express terms." R. Fuller, supra, § 34.13, p. 208. The court may grant relief on appeal only where the local authority has acted illegally, arbitrarily, or in abuse of its discretion. Smith v. ZoningBoard of Appeals, 227 Conn. 71, 80, 629 A.2d 1089 (1993), cert. denied,510 U.S. 1164, 114 S.Ct. 1190, 127 L.Ed.2d 540 (1994); Frito-Lay, Inc.v. Planning Zoning Commission, 206 Conn. 554, 573, 538 A.2d 1039
(1988). . "The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision."Francini v. Zoning Board of Appeals, 228 Conn. 785, 791, 639 A.2d 519
(1994).
 V DISCUSSION
Pleszko alleges that by refusing to reverse the decision of the ZEO, the board acted illegally, arbitrarily, and in abuse of the discretion vested in it in three ways. First, the board refused to concede that the parking spaces constituted illegal off-street parking despite the fact that the property's site plan and pictures of the site demonstrate that the parking spaces are on the property. Second, after the board was presented with evidence that the parking spaces are on the property, the board refused to exercise jurisdiction over a matter under its purview. Third, by refusing to compel the ZEO to enjoin the use of these parking spaces, the board unreasonably, arbitrarily, and discriminatorily exercised its zoning power. The issue presented in this appeal is whether the record supports the board's finding that the ZEO properly determined that the parking spaces on the side of the salon building constitute on-street parking and, therefore, that the spaces do not come within the purview of the zoning regulations that govern off-site parking.
The board argues that "the parking in question in this case should be deemed to be on-street parking (or off-site, insofar as the [salon] property is concerned) because it occurs, at least in part, on the right of way of an existing public road. . . . It is illogical to describe the parking in question as "off-street' when there is no private property separating the parking area from the public right of way in which the street is situated. The very nature of `off-street' parking is that it is an area separated from the street line by a setback. (See Zoning Regulations of Town of Fairfield § 28.10.)" (Board's Brief, p. 5.) Further, the board argues, "[h]ad the Board overruled [the ZEO] and decided to impose the numerous requirements for off-street parking on the parking in question, it effectively would have exceeded its authority and ventured into the on-street enforcement area reserved by law for the Police Commission." (Board's Brief, p. 7.) CT Page 5336
In support of its argument, the board relies upon Property Group, Inc.v. Planning Zoning Commission, 226 Conn. 684, 692, 628 A.2d 1277
(1993), where the defendant commission required the plaintiff to widen a roadway as a condition to its subdivision approval. The commission argued that the area to be improved was owned in fee simple by the defendant, and that the commission was, therefore, requiring that the plaintiff make an on-site improvement. Id., 693. The Supreme Court, agreeing with the Appellate Court, held that the area that the commission wanted the plaintiff to widen was off-site, and not part of the land listed on the plaintiff's subdivision plan. Id. "The property in question had long ago been dedicated as part of the right-of-way of an existing public road. It is undisputed that the six foot strip on Buff Cap Road is part of an existing street that does not intersect with either existing or proposed principal thoroughfares. It is, therefore, off-site." Id.
The facts of Property Group, Inc. v. Planning Zoning Commission, supra, as briefly outlined above, are not analogous to the facts of this case. The widening of an existing roadway as a condition to a subdivision approval that does not include the land adjacent to the existing roadway, has no applicability to the present case. This case deals with the application of zoning regulations to a parking situation that is partly on private property and partly on public property. Pleszko is not asking that the board require the Tuozzolis to make off-site improvements. He is asking that the commission apply and enforce its zoning regulations that govern off-street parking. Accordingly, the court finds that PropertyGroup, Inc. v. Planning Zoning Commission, supra, is inapplicable.
A review of the record in this case reveals the following. On the side of the Tuozzoli's salon, there exists a strip of asphalt. (ROR, Item 2, Pictures.) There are no sidewalks and no street-side curbing on this particular strip of property because those requirements were waived by the plan and zoning commission in 1990. (ROR, Item 1, 6/12/90 Minutes of the Plan and Zoning Commission; Item 11, pp. 8, 21, Hearing Transcript.)
At the December 9, 1997 public hearing, Tuozzoli stated that he permits cars to park on this land, which is on the beach side of his salon, located on Pleszko Place. (ROR, Item 11, p. 16.) The Tuozzolis have been using this land for parking for approximately twenty years. (ROR, Item 11. p. 16.) Cars park in a perpendicular manner, with either their front or rear facing the side of the salon and the other end facing the street. (ROR, Item 11, p. 2, Hearing Transcript; Item 3, Pictures.) A portion of this asphalt is located on the Tuozzoli property and a portion of it is located on the public right of way. (ROR, Item 11, p. 19, Hearing Transcript; Item 12, Site Plan.) Richard Osborn, a member of the board, stated that "the fence to the property line is between 9 and 10 CT Page 5337 feet. . . . A car is 18 feet long, that is what you need for a parking space. So it is off street and on street parking at the same time." (ROR, Item 11, p. 19, Hearing Transcript.) Osborn also stated that "it is a combination of jurisdiction." (ROR, Item 11, p. 19, Hearing Transcript.) When the ZEO was asked by the board chairperson, John Brennan, his opinion as to the board's jurisdiction, the ZEO stated that he believed the parking at issue was on-street parking and that the police commission "is the way it should go." (ROR, Item 11, p. 19, Hearing Transcript.) Pleszko's attorney, however, stated that Lieutenant Hamand, unofficially told him, on the telephone, that "since [he is] talking about onsite parking, it is not [a] police [matter]." (ROR, Item 11, p. 17, Hearing Transcript.) Nevertheless, neither party presented evidence on the police commission's assessment of the parking issue.
The court fails to see how someone can be parked half on their property and half on an uncemented sidewalk area and have this considered as parking on the street. If the Tuozzolis wanted a car towed from one of these parking spaces, the court assumes that they could do so because the car would be parked partly on the Tuozzolis' property. The record, as previously discussed, reveals that the Tuozzolis allow customers and employees to park their vehicles on this strip of land. If this were truly on-street parking, the Tuozzolis would be unable to authorize their employees or customers to avail themselves of these parking spaces. Local residents would be free to park in these spaces during any legal on-street parking times. Yet, the record reveals that the Tuozzolis control these spaces. (ROR, Item 11, p. 16.) As such, the court concludes that the record does not support the board's decision to consider this as on-street parking. The court finds that the record does support Osborn's description of the parking situation; "it is off street and on street parking at the same time." (ROR, Item 11, p. 19, Hearing Transcript.) Counsel for the respondant conceded the dual nature of the parking situation during oral argument with this court. The court must assess the effect of this dual description in relation to the regulations and to the board's decision.
The scope of § 28 of the Fairfield zoning regulations, relating to off-street parking, provides: "No off-street parking and loading spaces shall be established, constructed, enlarged, extended, relocated or altered, except in accordance with these Off-Street Parking and Loading Regulations. . . ." (Emphasis added.) Fairfield Zoning Regs., § 28.1. Section 28.10 provides, in part: "All off-street parking and loading spaces shall be suitably improved, graded, striped and marked, stabilized and maintained. . . ." (Emphasis added.) Section 28.11 provides, in part: "[E]ach parking space shall be provided with adequate area for approach, turning and exiting of an automobile having an overall length of eighteen (18) feet without need to use any part of a public CT Page 5338 street or right of way." (Emphasis added.) The off-street parking regulations, therefore, consistently reference all off-street parking andeach off-street parking space.
"Although the position of the municipal land use agency is entitled to some deference . . . the interpretation of provisions in the ordinance is nevertheless a question of law for the court. . . . The court is not bound by the legal interpretation of the ordinance by the [commission]. . . . Rather, the court determines legislative intent from the language used in the regulations. . . . We interpret an enactment to find the expressed intent of the legislative body from the language it used to manifest that intent. . . . Zoning regulations, as they are in derogation of common law property rights, cannot be construed to include or exclude by implication what is not clearly within their express terms. . . . The words used in zoning ordinances are to be interpreted according to their usual and natural meaning and the regulations should not be extended, by implication, beyond their expressed terms. . . ." (Citations omitted; internal quotation marks omitted.) Northeast Parking, Inc. v. Planning Zoning Commission, 47 Conn. App. 284, 293, 703 A.2d 797 (1997), cert. denied, 243 Conn. 969, 707 A.2d 1269 (1998).
The court is unable to find any record support for the board's decision that this partial on-street/partial off-street parking amounts, exclusively, to on-street parking, which would be governed solely by the police commission. Because the off-street parking regulations expressly state that they relate to all off-street parking and each off-street parking space, without any record support to find otherwise, the court finds that they relate to the partially on-street/partially off-street parking at issue in this case. Accordingly, the board should have applied its off-street parking regulations, and is directed to do so.
Therefore, pursuant to General Statutes (Rev. 2001) § 8-8(k), this appeal is sustained, and the matter is remanded to the board with direction to proceed in accordance with this opinion.
Judgment may enter accordingly,
HAUSER, J.